BAER, SEASONGOOD & CO. V. THOMAS A. GROVES, Defendant; JENNIE G. HOPKINS, Interpleader, Respondent.

Kansas City Court of Appeals, June 8, 1891.

Fraudulent Conveyances: POSSESSION: PRACTICE: DEMURRER TO EVIDENCE. Though a demurrer to an interpleader's evidence might have been sustained, yet, if, as in this case, the subsequent evidence established the interpleader's possession of the attached goods, the finding must be for the interpleader, since possession made a *prima facie* case of ownership which was otherwise uncontradicted.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Garner, Sumerwell & Black*, for appellants.

(1) An interplea being in the nature of a replevin, it certainly will not lie where the action of replevin will not; mere naked possession is not sufficient to maintain an action of replevin. To maintain an action of replevin plaintiff must have in himself the right of property, general or special, coupled with the right to the immediate and exclusive possession of the property. *Gertside v. Nixon*, 43 Mo. 138; *Gray v. Parker*, 38 Mo. 160; *Broadwater v. Dorne*. 10 Mo. 285; *Melton v. McDonald*, 2 Mo. 45; *Wright v. Richmond*, 21 Mo. App. 76; *McMahill v. Walker*, 22 Mo. App. 170; *Wright v. Richmond*, 21 Mo. App. 76; Wells on Replevin, sec. 94, p. 59. Especially is this the case where the issue raises the question of title. Such issue is raised in this case by the interplea and answer. *Mirgner v. Biggs*, 46 Mo. 65; *Gray v. Parker*, 38 Mo. 160; *Broadwater v. Dorne*, 10 Mo. 285; *Gertside v. Nixon*, 43 Mo. 138. And the burden of proving such right of

property, general or special, is upon the plaintiff in a replevin suit, and especially where title is denied. *Gertside v. Nixon, supra; Mirgner v. Biggs, supra;* Greenleaf on Evidence, secs. 561–2; *Hewson v. Tootle,* 72 Mo. 637; *Mills v. Thompson,* 61 Mo. 407; *Nolan v. Deutch,* 21 Mo. App. 1; *Abernathy v. Whitehead,* 69 Mo. 28. (2) Agency cannot be proven by the declaration of the agent. The declarations of Jordan that he was in possession of the stock of goods in controversy as the agent or representative of the interpleader were incompetent, and do not establish agency or the possession of the interpleader. *Peck v. Ritchy,* 66 Mo. 114; *Franklin v. Ins. Co.,* 52 Mo. 461; *Calvin v. Smith,* 21 Mo. 444; *Sutton v. Casseleggi,* 5 Mo. App. 119.

*Shewalter & Wilson,* for respondent.

(1) The possession of personal property raises a presumption of title, and the burden of rebutting this presumption is upon the party who denies such title; this is not only elementary, but is expressly so held by our supreme court. Lawson on Presumptive Ev., p. 428; 2 Greenleaf, sec. 637; *Singer v. Goldenburg,* 17 Mo. App. 549; *Summons v. Austin,* 36 Mo. 307; *Smith v. Lydick,* 42 Mo. 209; *Weeks v. Etter,* 81 Mo. 375; *Bank v. Overall,* 16 Mo. App. 510. This being a legal presumption, it follows in all cases, and is not dependent on the nature or character of the case. From possession the law presumes ownership. (2) The objection to the testimony of Young, as to the declaration of Jordan while in possession of the goods, is not well taken. There was no demurrer to the interpleader's evidence, whose case in chief rested on this testimony, but the appellants assumed the burden, introduced Thomas A. Groves who testified as a fact that at the time of the seizure Mrs. Hopkins was in possession, and he, Groves, had no possession whatever.

Even when a plaintiff's case is not made in chief, and defendant introduces evidence which supplies this defect, the evidence will sustain the verdict, since the finding must be upon all of the evidence in the case.

ELLISON, J.—Plaintiffs are attachment creditors of defendant. A stock of goods was seized under the attachment writ as being the property of defendant. Mrs. Hopkins filed her interplea, and on trial below recovered. Plaintiffs appeal.

The testimony for interpleader showed her to be in exclusive possession of the property, by her agent, at the time of the seizure. Objection is made here that the agent's declaration of his agency is not competent. Be that as it may, as applied to this case, yet it was shown by witness Groves, introduced by plaintiffs, that the interpleader was in the exclusive possession at the time of the original levy. If plaintiff had interposed a demurrer to interpleader's case at the close of her testimony, and stood upon it, the question might well be urged, that there was no case made. But the evidence afterwards introduced made it appear who was in possession at time of levy. This possession made a *prima facie* case of ownership, and, not being contradicted, interpleader was, of course, entitled to recover. An examination of authorities cited by plaintiffs show them not applicable to the facts and circumstances of this case. The judgment will be affirmed. All concur.